UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WAUPACA NORTHWOODS, LLC,

      Plaintiff,

v.                                                                                            Case No. 10-C-459

TRAVELERS CASUALTY and SURETY CO,

      Defendant,

v.

RANDY NIEDER,

      Third-party Defendant.

## DECISION AND ORDER

Defendant Randy Nieder has moved, *pro se,* to dismiss the amended complaint filed by Plaintiff Waupaca Northwoods, LLC ("Waupaca") as well as the third-party complaint filed by Travelers, Waupaca's insurer. In both motions, he asserts that a court in Wisconsin would not have personal jurisdiction over him because he is an Idaho citizen who has only minimal contacts with Wisconsin. This action arises out of Waupaca's allegation that Nieder, while acting as its plant manager in Nampa, Idaho, committed theft of its equipment and other property. To determine whether there is personal jurisdiction, this Court must decide whether a defendant is subject to personal jurisdiction under Wisconsin's long-arm statute and, if so, whether exercising jurisdiction under the statute is consistent with the due process requirements of the Fourteenth Amendment. *Daniel J. Hartwig Assoc., Inc. v. Kanner,* 913 F.2d 1213, 1216 (7th Cir.1990). Wisconsin's long-arm statute is to be construed liberally in favor of finding jurisdiction. *See Marsh v. Farm Bureau Mutual Insurance Co.,* 505 N.W.2d 162, 165 (Wis. Ct. App. 1993). The burden rests on the

plaintiff to establish that the court has personal jurisdiction over each defendant. *See Logan Productions, Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996).

Waupaca and Travelers cite Wis. Stat. § 801.05(8), which authorizes the exercise of personal jurisdiction over a director, officer or manager of a domestic corporation "where the action arises out of the defendant's conduct as such officer, director or manager or out of the activities of such corporation or limited liability company while the defendant held office as a director, officer or manager." Because Nieder was a "manager" of Waupaca's Idaho plant, Wisconsin's long-arm statute would allow for personal jurisdiction in this state.

Nieder does not dispute that he was the plant manager at Waupaca's Idaho plant, and he does not dispute that this case arises out of his (alleged) conduct as a manager. In *Kubin-Nicholson Corp. v. Gillon,* the district court found that an out-of-state sales manager was subject to jurisdiction in Wisconsin courts by applying § 801.05(8) under similar circumstances:

> Defendant does not dispute that plaintiff, a Wisconsin corporation, employed him as its New York sales manager, and that the present action arises out of such employment. Further, he has not responded to plaintiff's argument regarding § 801.05(8) and thus appears to concede that it establishes personal jurisdiction in this case. As such, I conclude that § 801.05(8) would confer jurisdiction in this case even if defendant had only minimum contacts with Wisconsin.

525 F. Supp. 2d 1071, 1074 (E.D. Wis. 2007). The same holds true here. Nieder has not subjected himself to Wisconsin jurisdiction merely by accepting employment with Waupaca, as he contends – he has done so by becoming a plant manager, which inherently involves a much more serious relationship with the employer's home state. In contrast to the part-time janitor or the line machinist, a bona fide manager acts at least partly as a co-venturer with his corporate owners, as evidenced here by nearly daily contact with Waupaca. (Anderson Aff., ¶ 3.) And, when the allegation involves theft by a manager, the nature of such allegations suggest that the theft was at

2

least partly a *product* of the trust owing to the management relationship itself. Put another way, when a plant manager is alleged to have stolen from the company's owners, he cannot be surprised that he is sued in the courts where the company is headquartered.

For the same reasons, I conclude that exercise of personal jurisdiction over Nieder would not offend traditional notions of Due Process. Nieder attended business meetings in Wisconsin only once per year (for a total of at least six visits to the state), but his daily contact with Wisconsin through electronic and other means establishes a long-standing relationship with the state typical of what one would expect from an out-of-state manager. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985) (noting the "inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines.")

As the court in *Kubin-Nicholson* noted:

> Defendant voluntarily sought and obtained employment from plaintiff, which is located in Wisconsin, and then nurtured and maintained an employee-employer relationship with plaintiff for twenty-three years. During this period, defendant had numerous contacts with Wisconsin. He initiated weekly, sometimes daily, telephone and e-mail contacts with plaintiff in Wisconsin; used plaintiff's corporate computer network, the server for which is located in Wisconsin; received a regular paycheck from Wisconsin; and attended business meetings in Wisconsin about four times each year. . . . The reason that a defendant's contacts with a state are relevant is that they provide a gauge by which a court can determine whether it is fair and reasonable to allow the state to adjudicate lawsuits against the defendant. Defendant's employment-related contacts highlight the fact that as a long-time employee of a Wisconsin company, defendant shared in the many benefits that Wisconsin offers to its businesses. Thus, it is fair and reasonable to permit Wisconsin to exercise jurisdiction over him.

*Id.* at 1074.

In sum, just as an out-of-state business would be subject to suit in Wisconsin if it directed its sales activities to this state, *Burger King,* 471 U.S. 462, the same holds true when out-of-state

3

individuals provide significant business services to a company in the forum state and receive financial benefits from that relationship. Such a relationship might not suffice to create general jurisdiction, but when the lawsuit arises out of the business relationship itself it would be reasonable for the employee to anticipate being haled into court in his company's forum state. *Id.* at 474. Nieder's contacts with Wisconsin were not random and attenuated but the result of a deliberate decision to accept a management position with a Wisconsin company. As such, although his motivation for working at Waupaca was mostly for personal gain (as with most employees), he nevertheless purposefully directed his managerial activities towards enriching his employer in Wisconsin. Requiring him to defend himself in Wisconsin's courts would not offend traditional notions of fair play.

Accordingly, the motions to dismiss are **DENIED**.

**SO ORDERED** this   11th   day of November, 2010.

       s/ William C. Griesbach  
       William C. Griesbach  
       United States District Judge