UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WAUPACA NORTHWOODS, LLC,

    Plaintiff,

v.                                                           Case No. 10-C-459

TRAVELERS CASUALTY and SURETY CO,

    Defendant,

**ORDER**

        Plaintiff Waupaca Northwoods, LLC and Defendant Travelers Casualty have filed a joint motion asking that this Court vacate its decision and order dated April 25, 2011. The request is a condition of a settlement between the parties. Although the parties do not explain the motivation for this undertaking, it is imaginable that Travelers is not comfortable with certain conclusions this Court reached while interpreting its policy in the April 25 decision. As such, it would naturally prefer that my decision be vacated so that it does not serve as precedent for other decisions, even though it would not be binding on any other courts.

        The request will be denied. The parties have cited a number of cases discussing the issue, and these decisions suggest that in determining whether to vacate a decision at the parties' request, a court should consider such things as the amount of judicial resources expended and the nature of the decision to be vacated. I am satisfied, however, that the considered decision of a public judicial officer properly belongs to the public and should not be vacated at any party's request unless it is deemed by the issuing judge to be erroneous. It is true that the issue in this case was a narrow one with application only to the parties before me. But it is not so narrow as to have no application

outside this case, as evidenced by the very effort to have the decision vacated. The issue involved the interpretation of an insurance policy that is apparently widely used. In reaching my decision, I relied on another nonbinding court's interpretation of the same clause. This suggests that the decision could be at least persuasive to other courts. Although courts always encourage settlements and do not look for opportunities to impede them, I am concerned that the practice proposed here would treat a federal (public) tribunal as though it were a confidential arbitration proceeding, which it is not.

Accordingly, the motion to vacate is **DENIED**.

**SO ORDERED** this   25th   day of July, 2011.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge